## AARON THOMPSON v. STATE.

No. A-847.   Opinion Filed November 10, 1911.

(118 Pac. 614.)

1.  **SHERIFFS AND CONSTABLES—Compensation—Service of Subpoena.** There is no provision of law in this state requiring the payment of fees in advance to an officer for serving subpoena upon witnesses in a criminal case.

2.  **CONTINUANCE—Absence of Witnesses.** Where an application for a continuance shows that the defendant has had process for his witnesses issued in due time, and that such process has been placed in the hands of the sheriff, and the sheriff has refused to serve such process because his fees for so doing were not paid in advance, and where the testimony of such witnesses set out in the application for continuance is material to the defendant, it is error for the trial court to overrule such application for continuance, and force the defendant into trial. But the court should postpone the case to such time as would enable such witnesses to be served, and issue a mandatory order requiring the sheriff to serve the witnesses.

(Syllabus by the Court.)

*Appeal from District Court, Cherokee County; John H. Pitchford, Judge.*

Aaron Thompson was convicted of murder, and sentenced to the penitentiary for the term of his natural life, and appeals. Reversed and remanded.

*Geo. K. Powell* and *George Paschal,* for appellant.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

FURMAN, P. J. The Assistant Attorney General has filed the following confession of error in this case:

"The record shows that on the 8th day of March, 1910, plaintiff in error filed with the clerk of the trial court a præcipe for certain witnesses, and that on the 9th day of March, 1910, seven days before the day set for trial of the case, the clerk issued such subpœna and placed it in the hands of the sheriff. The witnesses were residents of that county, and the affidavit for continuance shows that their testimony was material to his defense. The sheriff refused to serve such subpœna because no fees for so doing were advanced by plaintiff in error (see affidavit of continuance and testimony of sheriff on pages 87 to 89, inclusive), and notified the attorney for plaintiff in error that the subpœna would not be served until the fees were advanced. Counsel for plaintiff in error received this notice two days before the case was set for trial, but failed to advance such fees as requested. On the day set for trial no effort had been made by the sheriff to serve such witnesses, and it was for the purpose of securing their attendance and the benefit of their testimony that the motion for continuance was filed. Plaintiff in error signified his willingness to make a cash deposit to the sheriff to procure the service of the subpœna on such witnesses, if the court would grant a short continuance for such purpose, stating to the court that it was only on the 13th day of March, 1910, that his counsel had learned that such cash deposit was required.

"The court overruled the motion for continuance (Record, page 10), to which ruling defendant excepted. Our state Constitution (article 2, § 20) in part provides: 'The accused shall have compulsory process for obtaining witnesses in his behalf.' Section 1754, Comp. Laws of Okla. 1909, provides: 'The sheriff in person, or by his undersheriff or deputy, shall serve and execute according to law, all process, writs, precepts and orders issued or made by lawful authorities, and to him directed, and shall attend upon the several courts of record held in his county, and shall receive such fees for his services as are allowed by law.' Section 6254, *Id.,* provides: 'He shall execute every

summons, order or other process, and return the same as required by law; and if he fail to do so, unless he make it appear to the satisfaction of the court that he was prevented by inevitable accident from so doing, he shall be amerced by the court in a sum not exceeding one thousand dollars, upon motion and ten days' notice, and shall be liable to the action of any person aggrieved by such failure.' Section 3418, *Id.*, provides: 'In all cases where the fees prescribed by this act in criminal cases, except misdemeanors, for the constable and justices of the peace are not paid by the defendant or prosecuting witness, one-half of the amount of the fee allowed by law shall be paid by the county: Provided, that in no case shall the county pay any fees to any of the above-named officers for services rendered in any case where the offense charged is less than a felony: And, provided further, that no such fees shall be allowed by the board of county commissioners until the sheriff, constable or justice of the peace shall have filed his affidavit that said fees cannot be collected from any other source; Provided, further, that the total amount of the fees paid by the county to any justice of the peace or constable shall not exceed fifty dollars per quarter.

"It will thus be seen that it is the duty of the sheriff to serve process of this kind, and that, where the fees cannot be collected from the accused, one-half of such amount shall be paid by the county. This was the law at the time of this application, but some material changes have been made since. We are aware of the decisions holding that compulsory process for witnesses does not mean process served at the expense of the county or state, but we find no provision of law requiring the payment of fees in advance.

"The law requires the sheriff to serve such process, and he is permitted to charge the fees allowed for such service which he may collect from the accused. If he cannot collect such fees from the accused, then the county agrees to pay him one-half of said amount in felony cases. We do not think it is necessary to decide in this instance whether the refusal of the sheriff to serve the subpœna without an advance payment of the fees being made deprives the accused of the compulsory process for his witnesses guaranteed to him by the Constitution, although we believe our Constitution and laws do not even suggest the payment of fees of this character in advance of the service, but where it is shown, as we believe it to be shown in this case, that the accused acted in good faith and procured a subpœna to be issued in ample time to be served before trial, and that this subpœna was placed in

the hands of the sheriff in ample time to be served by him, and that no demand was made upon the accused for a cash deposit to secure service thereof, and counsel for the accused, living in another county, was notified that such cash deposit would be required only two days before the trial, and where it further appears that if the court so ordered a cash deposit would be made, and the accused only asked for a continuance for a sufficient length of time to secure service of such subpœna, and that the witnesses all resided within such county and were material to his defense, we think it was an abuse of discretion on the part of the trial judge to deny to one accused of murder an opportunity to procure such evidence.

"There are other alleged errors argued in the brief of counsel for plaintiff in error, but we shall not discuss them here. If this court upon an examination of this record is convinced, as we have been convinced, that the trial court has deprived this accused of procuring certain material evidence in his behalf by overruling his motion for a continuance upon a sufficient showing to entitle him to such continuance, thereby abusing the sound discretion reposed in the court, then the other errors are inconsequential. We realize that most applications for continuances are made merely for the purposes of vexation and delay, but we do not consider this one of that class, as the record shows that the accused did everything required of him by the statute to procure the attendance of his witnesses and they were not present through any fault of his, but by reason of the rule of the sheriff, established without statutory enactment, to serve no process without the advancement of the fees for such service, of which rule the accused never received notice, and his counsel, residing in another county, only two days before the date set for trial. We think that a reasonable opportunity should have been granted the accused to comply with such arbitrary rule established by the sheriff or else make an affidavit of pauperism.

"If the sheriffs of this state are to be permitted by our courts to establish such rules as this, and by means thereof prevent the attendance of the accused's witnesses without at least giving the accused a reasonable opportunity to comply therewith, then certainly justice is a mockery in this enlightened commonwealth, and one on trial for his life is left to the mercy of a selfish officer, who, in the exercise of his discretion, may either demand the advancement of fees or not as he sees fit, thereby giving one defendant the service denied to another.

"We think that this record discloses that this plaintiff in error was entitled to a reasonable continuance and to have his subpœna served upon the showing .made.

"Respectfully submitted,
          "CHARLES WEST, Atty. Gen.
          "SMITH C. MATSON, Asst. Atty. Gen.
          "E. G. SPILMAN, Asst. Atty. Gen."

We fully indorse the confession of error assigned filed in behalf of the state, and adopt it as our opinion in this case.

The judgment of the lower court is therefore reversed, and the cause remanded for a new trial.

ARMSTRONG and DOYLE, JJ., concur.